THE PEOPLE OF THE STATE OF NEW YORK ex rel. WALTER A. RATHBOURNE, Appellant, v. WALTER B. MARTIN, M. D., Warden of Clinton Prison, Dannemora,

N. Y., Respondent.— Appeal from an order of the Clinton County Court, entered on November 19, 1940, dismissing a writ of habeas corpus and remanding relator to the custody of the Warden of Clinton Prison. Relator was convicted on January 27, 1936, after trial, for the crime of grand larceny in the first degree, and sentenced to imprisonment for a term of from two and one-half years to five years. While serving this sentence, and on August 24, 1936, he was convicted, upon a plea of guilty, of an attempt to commit grand larceny in the first degree, and was sentenced to a term of not less than five nor more than ten years. The commitment indicates that the latter crime was committed on June 29, 1936, when relator was serving his first sentence. However strange it may seem we are bound by such statement. Under subdivision 2 of section 2190 of the Penal Law relator's second term would not begin until the expiration of his first term. Subdivision 3 of this same section, as it existed prior to May 31, 1939, provided that any indeterminate sentence required to terminate before the commencement of a second term shall be deemed to terminate at the expiration of the minimum thereof, less any discretionary reduction allowed, and that any prisoner then serving such a sentence may in the discretion of the Parole Board be allowed to commence the service of the subsequent sentence. In so far as we can discover from the record before us the term of relator's first sentence was reduced by the Governor under article 9 of the Correction Law, and he then became subject to the jurisdiction of the Parole Board. This Board then granted a parole to relator to commence his second sentence, and provided that such parole should be effective as of April 29, 1939. We find nothing erroneous in this procedure, nor can we acquiesce in relator's claim that the inclusion of his name in the Warden's monthly report of eligibles for release was improper under the statute. The facts herein are similar to those passed upon in *People ex rel. Cameron* v. *Wilson* (170 Misc. 1024). Order appealed from unanimously affirmed, without costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.